## Mihevc v. Kovelski.

*P. J. Sheridan*, for plaintiff; *W. J. Maxey*, for defendant.

SMITH, P. J., Nov. 21, 1928.—In chronological order, the proceedings in this case are as follows:

May 22, 1928, was filed in the prothonotary's office of this county, attorney's præcipe for *certiorari*, together with the requisite statutory affidavit of plaintiff above and the defendant below and bond for *supersedeas*.

The same day, writ of *certiorari* issued and returned with acceptance of service thereof, signed by John Dutchman, justice of the peace, to whom directed as well as having endorsed thereon a return signed by "W. J. Maxey, Attorney," and being the same attorney upon whose præcipe the writ issued that he, "on the 22nd day of May, 1928, gave the original writ, of which the within is a true copy, to the within named John Dutchman, Justice of the Peace," such acceptance and return of service being filed in the prothonotary's office May 23, 1928.

June 5, 1928, there was filed in the same office a paper, certified to by said justice as "a correct transcript of the proceedings had before me in the above suit and of record on my docket;" being the usual form of certificate attached to transcripts taken for appeal or lien in the Common Pleas; but cannot be

interpreted as in compliance of the statutory direction that it shall be the duty of the justice "not only to certify all proceedings before him" but that this shall be "by sending the original precepts," etc.: Act of March 20, 1810, § 22, 5 Sm. Laws, 171. The term of "original precepts" means, of course, the præcipe (if any) filed for summons to issue and the summons itself; neither are attached to the "transcript" or otherwise filed, at bar, and the language of the "certificate" is not that of a "return" to the *certiorari*, the exact form of which, although not given in the statute, means, at least, such language as expressed the compliance by the officer or person to whom directed with the mandate of the writ directed to him and under the statute cited the essentials of compliance. "A return is an official statement by an officer of what he has done in obedience to a command from superior authority or why he has done nothing, whichever is required:" State *v.* Bulkeley, 23 Atl. Repr. 186, cited 7 Words and Phrases, 6204.

The omission of such "original precepts" is a ground for suggestions for "diminution of the record:" City *v.* Moore, 8 Phila. 238.

Thus the matter rested until Oct. 29, 1928, when W. J. Maxey, as attorney for plaintiff above, suggested, in writing, diminution of the record, not for the reasons we have just recited above, but rather that while the "transcript" filed shows an action in "trespass," the summons actually issued by the justice was "in *assumpsit*," incorporating in his suggestion a copy of such, which is now the subject of our present consideration.

On the part of the learned attorney for the defendant above, it is contended that the application came too late and must be refused.

In view of the fact that the suggestion is made by the same attorney who signed the præcipe for the *certiorari*, the laches is great, viz., five months after the filing of the transcript; but is it fatal under the circumstances? Answer to this inquiry requires interpretation and application of our local court rules relating to *certiorari*, which, together with statutory provisions, we must observe, and which indicate speedy action and prompt determination of questions at issue.

Our Court Rule XIII, § 2, requires all such "returns" to be made upon the first day of the next term; in default, the justice may be ruled to do so, and on further omissions he will be attached on petition, or, by section 3 of the same rule, the court will *non pros.* the writ or the prothonotary may enter *non pros.* of course in vacation, unless diligence in procuring the return is shown. And section 4 allows suggestion of diminution of record, noting defects in the return, if merit be presented, and expressly providing perfected return be procured before case is moved for argument, and prior to which "diminution of record must be suggested."

"Moved for argument" we interpret as placing by the attorneys or parties, or by order of court, upon record some direction to that effect. This was not done at bar. Further, the action of the prothonotary or by the court entering judgment of *non pros.* would not be taken except on motion of party desiring it.

Affirmative action by the defendant above or his attorney having been in these respects omitted until the present order was moved for, a mutuality of laches has arisen, concerning which the present petitioner was first to move in the premises.

Therefore, for the reasons:

1. Of the omission of a legal "return" to the writ of *certiorari;*

2. Of the absence from the files of the original writ of summons issued by the justice below;

610

3. Further, because of the allegations of the present petitioner for diminution of record, that the record of the "transcript" filed of the action being "*assumpsit*," is incorrect, as will be disclosed by production of the summons, which will show it to have been "trespass," and without any sufficient recitals to show jurisdiction of the justice of such action;

We are of the opinion the prayer of the petition should be allowed.

And now, to wit, Nov. 21, 1928, rule is hereby granted upon John Dutchman, justice of the peace, to bring in his docket, containing the original entry of the above suit of John Kovelsky *v.* Jacob Mihevc and the files thereof, into court for inspection on Monday, Dec. 3, 1928, at 10 o'clock A. M., as provided by Court Rule XIII, § 5.　　　　　From Gerritt E. Gardner, Montrose, Pa.